**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FURMAN WAYNE NORRIS; WILLIAM
BERNARD PRESCOTT; THOMAS DONALD
EASON, JR.; CARL DAREN STRAWN;
JAMES DANIEL VARRONE; GEORGE W.
PERKINS; SOUTHERN STATES POLICE
BENEVOLENT ASSOCIATION,
INCORPORATED; MELISSA BAKER

No. 96-1101

PERKINS,
<u>Plaintiffs-Appellants,</u>

v.

CITY OF WILMINGTON, NORTH
CAROLINA, a municipal corporation,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Chief District Judge.
(CA-94-134-7-F1)

Argued: March 6, 1997

Decided: April 7, 1997

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph Michael McGuinness, MCGUINNESS & PAR-
LAGRECO, Elizabethtown, North Carolina, for Appellants. William

C. Morgan, Jr., BROUGH & ASSOCIATES, Chapel Hill, North Carolina, for Appellee. **ON BRIEF:** Michael B. Brough, BROUGH & ASSOCIATES, Chapel Hill, North Carolina; Tom Pollard, CITY OF WILMINGTON, Wilmington, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

On November 21, 1971, the City of Wilmington, North Carolina enacted an ordinance entitled "Annual Longevity Pay." The ordinance provided in pertinent part, "[o]n December 1, 1971, and <u>thereafter as budgeted by the City Council</u>, annual longevity pay will be provided to all full-time, permanent employees of the City." Thereafter, from 1971 through 1993, annual longevity pay was included as a line item in each City budget. During those years, the City Council appropriated funds for payment of longevity pay. The employees of the City came to expect that such pay would continue, hopefully until death, retirement or termination.

In June, 1994, however, the City Council adopted an amendment which eliminated longevity pay and instead substituted a merit-based plan which called for a 3-1/2% upward adjustment in salary for each employee and up to a 3% raise based on the application of the merit-based plan. Under the amendment, the City would absorb the entire increase in health insurance costs assessed against employees.

As a result of the City Council's action, not surprisingly, several employees sued the City of Wilmington wanting longevity pay to continue to be paid. The employees argued that the City's elimination of longevity pay constituted breach of contract in violation of the Contract Clause of the United States Constitution, violated both their substantive and due process rights under the United States and North

2

Carolina Constitutions, and denied them equal protection. Furthermore, the employees contended that the City should be constitutionally estopped from eliminating longevity pay, that the elimination of longevity pay was violative of their occupational liberty in employment, and a breach of the covenant of good faith and fair dealing.

None of the employees' contentions, however, deal with the critical statutory language of the longevity statute, "as budgeted." The "as budgeted" language clearly demonstrates that the payment of longevity pay was dependent on annual funding. The point is further underscored by the longevity pay's inclusion as a line item in each City budget from 1971-1993.

Having considered the several arguments, we are satisfied that the district court's grant of summary judgment in favor of the City of Wilmington followed a correct application of law. Norris v. City of Wilmington, No. 7:94-CV-134-F1. The judgment is, accordingly,

AFFIRMED.

3